STONE ET AL., APPELLANTS, *v.* GOOLSBY ET AL., APPELLEES.

(No. 234614—Decided March 13, 1969.)

Common Pleas Court of Franklin County.

*Mr. Arthur G. Wesner,* for plaintiffs.
*Mr. Reed M. Winegardner,* for defendants.

WHITESIDE, J. This is an appeal from a judgment for defendants, rendered by the Franklin County Municipal Court on July 18, 1968. The notice of appeal was filed in that court on August 5, 1968, and with the clerk of this court on August 9, 1968.

This raises the question of jurisdiction of this court to hear this appeal which must be considered *sua sponte* by this court. Section 1901.30, Revised Code, provides as follows:

"Appeals from the Municipal Court may be taken as follows:

"(A) Such appeals may be taken either to the Court of Common Pleas or to the Court of Appeals in accordance with Sections 2505.01 to 2505.39, inclusive, Section 2945.65 to 2945.70, inclusive, Revised Code * * *."

Prior to May 7, 1968, Article IV, Section 4, Ohio Constitution, provided as follows:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof shall be fixed by law."

Thus, there was no question of the power of the General Assembly to confer jurisdiction upon the Courts of Common Pleas to hear appeals from a Municipal Court. Article IV, Section 4, Ohio Constitution, was, however, amended by a vote of the electorate at the primary election held May 7, 1968. The jurisdiction of the Courts of Com-

mon Pleas was set forth in paragraph (B) of said section, which reads as follows:

"(B) The Courts of Common Pleas shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law.

This amended Article IV, Section 4, Ohio Constitution, took effect May 7, 1968, and thus was in effect upon both the date of the judgment of the Franklin County Municipal Court and of the filing of the notice of appeal. *Euclid* v. *Heaton*, 15 Ohio St. 2d 65.

Thus, by the language of Article IV, Section 4, Ohio Constitution, Courts of Common Pleas may by law be conferred jurisdiction to review proceedings of administrative officers and agencies but that section makes no provision for the conferring of jurisdiction upon Courts of Common Pleas to review proceedings of Municipal Courts. On the other hand, Amended Article IV, Section 3, Ohio Constitution, also effective May 7, 1968, provided in paragraph (B)(2) as follows with respect to jurisdiction of Courts of Appeals:

"(2) Courts of Appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the Court of Appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify or reverse final orders on actions of administrtaive officers or agencies."

It would appear to be the intent of the constitutional amendment adopted May 7, 1968, that jurisdiction to review judgments of courts of record inferior to Courts of Appeals, including Municipal Courts, be vested by law in Courts of Appeals but not in Courts of Common Pleas. This conclusion is compelled by application of the doctrine of *expressio unius est exclusio alterius* which applies to constitutional provisions. 10 Ohio Jurisprudence 2d 141 (Constitutional Law Section 41); *Board of Elections for Franklin County* v. *State*, 128 Ohio St. 273; *State, ex rel.*

*Giovanello* v. *Lowellville et al.,* 139 Ohio St. 219. The expression of jurisdiction in the Courts of Common Pleas to review proceedings of administrative officers and agencies coupled with the expression that Courts of Appeals may be given jurisdiction to review judgments of courts of record inferior to it, excludes the conferring by law of additional appellate jurisdiction upon Courts of Common Pleas.

In reaching this conclusion, the court is not unmindful of the principle that the Constitution in general constitutes a limitation of the power of the General Assembly rather than a delegation of power to it. However, Article IV, Ohio Constitution, specifically dealing with the manner in which the judicial power of the state shall be distributed and exercised constitutes a limitation upon the general legislative power conferred upon the General Assembly by Article II, Section 1, Ohio Constitution. See *Thompson* v. *Redington et al.,* 92 Ohio St. 101; *State* v. *Mansfield,* 89 Ohio St. 20; *Green* v. *Acaccia Mutual Life Ins. Co.,* 156 Ohio St. 1. *State* v. *Dodge,* 10 Ohio App. 2d 92, affirmed 15 Ohio St. 2d 65. Thus, the General Assembly is without power to enlarge the jurisdiction of the Courts of Common Pleas beyond those limits fixed by Article IV, Section 4, Ohio Constitution. The "schedule" contained in the resolution submitting the constitutional amendment to a vote of the electorate includes the following provision:

"(A) Provision shall be made by law for the disposition of all pending cases in accordance with the procedural law in effect at the time of the effective date of this amendment.

"(B) In accordance with the provisions of this Article, the General Assembly shall enact such laws and the Supreme Court shall promulgate such rules as will give effect to the provision herein.

"(C) All laws and rules of court in existence upon the effective date of this amendment shall continue in effect until superseded or changed in the manner authorized by this amendment."

Assuming that the schedule was part of the amend-

ment adopted by the electorate, the question arises as to whether Section 1901.30, Revised Code, is a law in existence within the meaning of paragraph (C) of the schedule, supra. The Supreme Court in the *Heston case*, 15 Ohio St. 2d 65, *supra*, stated that the language of the schedule has reference to the language in new Section 5, Article IV of the Constitution, granting to the Supreme Court "general superintendence over all courts and the power to prescribe rules governing practice and procedure, and does not apply to organic, substantive law. The jurisdiction of courts is not a matter of practice or procedure but is a part of the organic, substantive law. Obviously the jurisdiction of Courts of Common Pleas is not a matter to be determined by rules of practice or procedure promulgated by the Supreme Court pursuant to Section 5, Article IV, but rather must be established by laws passed by the General Assembly within the limits of Section 4, Article IV, Ohio Constitution.

Accordingly, to the extent that Section 1901.30, Revised Code, attempts to confer upon Courts of Common Pleas jurisdiction to review judgments of Municipal Courts, it is in conflict with Section 4, Article IV of the Constitution, and thus inoperative. This court is therefore without jurisdiction to determine this appeal.

The appellants, however, did file a timely appeal, even though in the notice of appeal they indicated that the appeal was to this court rather than to the Court of Appeals, which is the only court with jurisdiction.

Section 2505.05, Revised Code, sets forth the requirements for a notice of appeal and does not require that it include a statement of the court to which the appeal is taken. That section further provides that a notice of appeal may be amended by the appellate court for good cause shown. Section 2505.04, Revised Code, provides that the appeal is perfected by filing the notice of appeal with the court from which the appeal is taken and that no step subsequent to the perfection of the appeal is jurisdictional.

This court cannot determine whether the notice of appeal filed herein is sufficient to confer jurisdiction upon the

Court of Appeals or whether the notice of appeal should be amended to reflect an appeal to that court.

However, the court is of the opinion that the appeal should have been filed in the Court of Appeals rather than in this court, despite the indication in the notice of appeal that the appeal was to this court. Section 1901.-30(B), Revised Code, provides that the clerk of the Municipal Court shall transmit to the clerk of the Appellate Court an authenticated transcript of the proceedings and all original papers upon the filing of a praecipe therefor. In this case the praecipe requested the transcript and papers be filed in this court.

Therefore, this appeal is dismissed *sua sponte* and this case remanded to the Municipal Court for such further proceedings as may be authorized by law, including Section 1901.30, Revised Code.

Counsel to submit entry.