In re Guardianship of Derr.

294

(No. 52488—Decided July 10, 1969.)
Common Pleas Court of Scioto County.

*Mr. Wm. T. Miller,* for appellant.
*Mr. S. E. Frowine, Jr.,* for appellee.

MARSHALL, J.   The appellee, Thomas B. Reynolds, guardian of the estate of Genevieve Derr, filed a motion to dismiss the appeal herein for the reason that this court lacks jurisdiction to entertain the same.

Appellant, Teresa Derr, filed her notice of appeal on May 23, 1969, on questions of law and fact from a judgment rendered by the Probate Court of Scioto County, Ohio, on April 4, 1969, and from the order of that court overruling a motion for a new trial with respect thereto, entered on May 6, 1969.

The appeal was, of course, filed pursuant to the provisions of Section 2101.42, Revised Code, which reads, *inter alia,* that, "If a record has not been taken at the hearing of any matter before the Probate Court * * * then an appeal on questions of law and fact may be taken to the Court of Common Pleas * * * in the manner provided for the prosecution of such appeal from the Court of Common Pleas to the Court of Appeals."   This has been construed to mean that in such a case, the Common Pleas Court would conduct a full hearing *de novo.*   (See 2 Ohio Jurisprudence 2d 587, Appellate Review, Section 23.)

The issue of lack of jurisdiction arises by virtue of Section 4, Article IV of the Ohio Constitution, as amended, which became effective May 7, 1968, and reads:

"(B) The Courts of Common Pleas shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

Prior to its amendment the Article read:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law."

The Court of Common Pleas of Franklin County in the case of *Stone* v. *Goolsby* (decided March 13, 1969), 18 Ohio Misc. 105, and reported in the *Ohio Bar,* dated May 12, 1969, considered the jurisdiction of Courts of Common Pleas to entertain appeals from the judgments of Municipal Courts pursuant to the provisions of Section 1901.30, Revised Code. The court, in that case, held that such jurisdiction no longer exists, the above referred to amendment to the Constitution having eliminated the power of the Legislature to confer additional appellate jurisdiction on Courts of Common Pleas beyond that provided for therein.

It is true, as appellant contends, that Section 2101.42, Revised Code, presents an issue somewhat different than the appeal from the Municipal Court provided for by Section 1901.30, Revised Code. The latter section provides the litigant with an option in all cases to appeal either to the Court of Common Pleas or to the Court of Appeals. An appeal to the Court of Common Pleas from the Probate Court pursuant to Section 2101.42, Revised Code, can be taken only on questions of law and fact in cases where a record was not taken in the Probate Court proceeding. It is the contention of appellant that this right still exists and is essential in order that a record can be made so that a bill of exceptions may be prepared. This argument loses its validity, however, because probate judges now have the authority to appoint a stenographic reporter pursuant to Section 2101.08, Revised Code, and the Probate Court of Scioto County has, in fact, appointed a court reporter, who was available at all times during the proceedings

herein appealed from. Appellant should have exercised her right to have a record of the testimony transcribed in order to perfect an appeal. To permit litigants two complete hearings *de novo,* once in the Probate Court and again in the Common Pleas Court, is most certainly not in the best interest of justice to our society as a whole in these days of deluged court dockets, and there is no basis for an assumption that a Common Pleas Court judge should be better able to adjudicate the rights of litigants in probate matters than the probate judge, who is selected for that purpose. Litigants in the Probate Court have been provided with the same protection of their rights of appeal as litigants in the Common Pleas Court, and it is not necessary or proper that they be permitted a "second bite at the apple" as provided by Section 2101.42, Revised Code. This is a remnant of an early procedure no longer necessary in view of the present structure of our courts.

This court approves the reasoning set forth in the opinion in *Stone* v. *Goolsby, supra,* and concludes that it is applicable to appeals from Probate Courts as well as from Municipal Courts. Applying the doctrine of *expressio unius est exclusio alterius* (the expression of one thing in a constitution necessarily involves the exclusion of other things not expressed) to Article IV, Section 4, Ohio Constitution, leads to the inescapable conclusion that Courts of Common Pleas have no jurisdiction to review any proceedings other than those of administrative officers and agencies, and that the Legislature is without power to confer upon them additional jurisdiction to review Probate Court proceedings.

The court has been informed by counsel that a similar notice of appeal was timely filed with the Court of Appeals, and that appellant's right to have the judgment of the Probate Court reviewed has, thus, been properly preserved.

The motion to dismiss the appeal is, therefore, sustained.

*Appeal dismissed.*