The State of Ohio, Appellee, *v.* Whisman, Appellant.

(No. 52931—Decided April 20, 1970.)

Common Pleas Court of Scioto County.

*Mr. R. L. Eisnaugle,* for appellant.
*Mr. F. T. Gerlach,* for appellee.

Marshall, J. This is an appeal on questions of law from a judgment of the Mayor's Court of New Boston, entered on November 7, 1969, finding the defendant guilty of violation of Ordinance No. 1976 of the city, relating to the

regulation of parking on portions of Stanton Avenue and Grace Street.

The Ordinance provides:

"ORDINANCE No. 1976

"An ordinance to establish an experimental parking plan on both sides of Stanton Avenue from West Avenue to Center Street, The North side of Grace Street between Vine Street and West Avenue.

"Whereas, an extreme parking problem exists for the residents of Stanton Avenue and Grace Street; and

"Whereas, City Council desires to institute an experimental parking control plan to relieve parking congestion along Stanton Avenue and Grace Street.

"Now Therefore, Be It Ordained by the Council of the City of New Boston, Scioto County, Ohio

"*Section 1.* That the Director of Public Safety and Service is hereby authorized and directed to institute a parking control program as soon as signs and materials are available and erected as hereinafter set out.

"*Section 2.* Parking on both sides of Stanton Avenue between West Avenue and Center Street and the north side of Grace Street between West Avenue and Vine Street is hereby prohibited except by permit issued by the Director of Public Safety and Service.

"*Section 3.* The Director of Public Safety and Service is directed to install signs on both sides of Stanton Avenue between West Avenue and Center Street and the north side of Grace Street between West Avenue and Vine Street, notifying the public that parking is restricted except by permit.

"*Section 4.* Application for permits for parking along Stanton Avenue and the north side of Grace Street shall be made to the Director of Public Safety and Service on forms provided by said Director of Public Safety and Service.

"*Section 5.* The Director of Public Safety and Service is directed to issue permits to bona fide residents residing on Stanton Avenue and the north side of Grace Street who own or operate a motor vehicle. If additional space is

available beyond the request of the residents, the Director of Public Safety and Service may issue permits for parking to residents of the City of New Boston for parking on said street.

"The Director of Public Safety and Service is also authorized to issue limited permits for visitors to the homes along Stanton Avenue and the north side of Grace Street.

"All parking permits shall be displayed in the lower right hand corner of the windshield of the motor vehicle of the applicant.

"*Section 6.* These parking restrictions shall not apply to delivery vehicles loading and unloading items along Stanton Avenue and the north side of Grace Street.

"*Section 7.* No owner or operator of a motor vehicle shall permit his vehicle to park along Stanton Avenue between West Avenue and Center Street and the north side of Grace Street between West Avenue and Vine Street without displaying a parking decal or visitor's decal.

"*Section 8.* Any owner or operator parking a vehicle on Stanton Avenue and the north side of Grace Street without displaying a valid parking permit shall be subject to a fine up to Five Dollars ($5.00).

"*Section 9.* The Director of Public Safety and Service is authorized to establish rules and regulations to implement the parking program outlined within this ordinance.

"*Section 10.* This ordinance shall go into full force and effect upon the earliest period allowed by law."

The first issue raised by this appeal is the jurisdiction of a Court of Common Pleas to entertain an appeal from a Mayor's Court. It has been decided that by virtue of Article IV, Section 4 (B) of the Ohio Constitution, as amended May 7, 1968, jurisdiction does not exist with respect to appeals from Municipal Courts. *Stone* v. *Goolsby*, 18 Ohio Misc. 105, decided March 13, 1969; from Probate Courts, *In re Guardianship of Derr*, 20 Ohio Misc. 293, decided July 10, 1969; and from County Courts, *North Kenova Development Co.* v. *Huntington Airport, Inc.*, Court of Common Pleas of Lawrence County, unreported.

These holdings obviously served to eliminate ineffi-

cient duplication and expedite judicial review procedures; however, when the Court of Common Pleas of Pickaway County in the case of *Village of Commercial Point* v. *Branson*, 20 Ohio Misc. 66, decided July 17, 1969, applying the same reasoning utilized in the other cases, held that the right of appeal from the Mayor's Court to the Court of Common Pleas no longer existed, and pointed out that since appeals to the Court of Appeals can be made only from orders of courts of record, it seemed that an impasse had been created. If Ohio's constitutional amendment denied an appeal to defendants convicted in a Mayor's Court, that provision would be violative of the equal protection of the law guarantee of the Constitution of the United States. Despite the implications—and complications—this position was adhered to by the Court of Appeals of Hamilton County in the case of *Greenhills* v. *Miller*, 20 Ohio App. 2d 313. The Court of Appeals for Huron County, however, resolved the dilemma by holding that the right of appeal from a Mayor's Court to the Court of Common Pleas has not been abrogated. The court stated (page 24) that "While an appeal is not a constitutional right, yet parties equally situated would be denied the equal protection of the law. A party accused of a similar violation and tried in a County Court or Municipal Court could appeal to an appellate court, but a defendant in a Mayor's Court would have no appeal, except perhaps an illusory one to the Supreme Court of the United States." The court concluded that to so deny the right of appeal would result in the invalidation of that section of the Ohio Constitution, and that, therefore, since the amendment did not expressly repeal the statute providing for appeal from a Mayor's Court to the Court of Common Pleas, the right does exist. *Monroeville* v. *Ward*, 21 Ohio App. 2d 17, decided December 31, 1969.

We conclude that the above holding is the most salutary and concur therewith. This appeal is, therefore, allowed.

The other issue pertains to the validity of the ordinance which the appellant was convicted of violating.

R. C. 737.022, provides in part:

"When authorized by ordinance of the legislative authority of a city, and in order to expedite the flow and direction of traffic, to eliminate congestion on streets, alleys, and highways, and to provide for the safety of passengers in motor vehicles and pedestrians, the director of public safety may make and issue rules and regulations concerning:

"* * *

"(B) The regulation or prohibition of parking on streets, alleys, highways, or public property."

Although appellant contends that the subject ordinance should be invalidated as an attempted unlawful delegation of legislative power by the City Council of New Boston, we find this position to be without merit, at least as to the ordinance in its entirety.

A more serious objection to the ordinance, however, is that it violates the equal protection of the law guaranties of both the Constitutions of the United States and the state of Ohio.

The Fourteenth Amendment to the Constitution of the United States provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Article 1, Section 2 of the Constitution of Ohio says:

"All political power is inherent in the people. Government is instituted for their equal protection and benefit * * *"

The challenged ordinance, in essence, prohibits parking in the areas of the streets designated, except for those persons to whom a permit is issued by the safety director; and he is ordered to issue such permits to residents of the areas. He may issue permits to other residents of the city of New Boston only, "If additional space is available beyond the request of the residents." He is, also, author-

ized to issue "limited permits" for visitors to the homes of the area residents. The restrictions do not apply to delivery vehicles. Any one who parks a vehicle in the area without first obtaining the required permit is "subject to a fine of up to $5.00."

"A 'highway' has been defined as a road or way open to the public at large, for the purpose of travel or the transportation of persons or property, without distinction, discrimination, or restriction, except such as is incident to such reasonable regulations as may be promulgated by the public authority in the interest of the general public." 27 Ohio Jurisprudence 2d 15, Section 2.

"It is well established that municipalities, pursuant to properly delegated legislative authority, have the right to enact reasonable regulations relating to the parking or standing of vehicles * * * municipalities may limit the time for parking in certain streets, or may entirely prohibit parking on certain congested streets, or during specified hours in certain streets, or in times of emergency. To be valid, however, municipal or local regulations relating to the parking or standing of vehicles must be reasonable and not oppressive in effect, and must not unreasonably restrict the public use and enjoyment of the way." 7 American Jurisprudence 2d 780, Section 230.

Although an owner of premises abutting on a street possesses the right of ingress and egress, he has no right superior to that of any other member of the public at large to park automobiles in front of his premises. *Gilsey Buildings, Inc.,* v. *Village of Great Neck Plaza,* 170 Misc. 945, 11 N. Y. Supp. 2d 694, Affd. 16 N. Y. Supp. 2d 832; *Andrews* v. *City of Marion,* 221 Ind. 422, 47 N. E. 2d 968. The ordinance in question unequivocally confers upon the residents of the areas involved the exclusive first right to park vehicles in those areas. Other residents of New Boston may obtain parking permits in the discretion of the Safety Director *only* if there is any space left over. This provision not only attempts unconstitutionally to vest ungoverned and unbridled discretion in the Safety Director by failing to provide standards or criteria for his guidance

(*In re Appeal of Clements*, 2 Ohio App. 2d 201), but it also creates rights in residents of the area superior to other citizens of New Boston. In addition, it absolutely discriminates against all persons who are not residents of New Boston, by making it an offense for them to park in the area.

It is a generally accepted principle that the prohibition of legislation for the benefit of individuals does not necessarily preclude laws for the benefit of particular classes of individuals, as long as the classification rests upon some rational basis. Applying this rationale, the Court of Appeals of Summit County upheld an ordinance which prohibited parking by all but municipal employees in an area in front of the City Building and the police station. The court held that was a reasonable classification and one essential to the expediting of the work of the government, and a valid exercise of the police powers. *Akron* v. *Davies*, 111 Ohio App. 103.

In the instant case, however, no valid justification for the classification exists. The ordinance merely grants a parking right to residents in contravention of the well established rights of the general public. As early as 1899, the Court of Appeals of New York condemned such a practice. *Cohen* v. *Mayor of New York*, 113 N. Y. 532, 21 N. E. 700. Similarly, the Supreme Court of Washington, in the case of *Kaufman* v. *West*, 133 Wash. 192, 233 P. 321, was confronted with this identical question, differing only in the form of the legislation. The ordinance concerned prohibited the owners, occupants, visitors and employees of an apartment house from parking their automobiles across the street from the apartment house. That court held:

"It is unjust, unreasonable and discriminatory in that it does not operate alike on all persons and property under the same circumstances and conditions, and is therefore class legislation in discriminating against some and favoring others. It presents nothing but an arbitrary selection, and as such is invalid."

The Supreme Court of Ohio in the case of *Cincinnati*

**66**

v. *Cook*, 107 Ohio St. 223, held invalid an ordinance which made it unlawful for a person to park in front of a railroad station unless permission had been granted by the person in charge of the station. The court, after holding that this constituted an unlawful attempt to delegate legislative power, also stated that "it is violative of the equal protection of the law guaranties of the state and federal constitutions." In the opinion, Judge Matthias said (page 227):

"Ordinances to be valid must be general in their nature and impartial in their operation, and those which make an act penal if done by one person and not so if committed by another cannot be sustained."

Ordinance No. 1976 of the city of New Boston is hereby declared invalid and the conviction and sentence of the appellant is reversed.

*Judgment reversed.*