284

City of Niles, Appellee, *v.* Dean et al., Appellants.

(No. 70-111—Decided March 24, 1971.)

*Mr. Mitchell F. Shaker,* city solicitor, for appellee.
*Messrs. Macejko & Macejko* and *Mr. Theodore Macejko,* for appellants.

O'NEILL, C. J. The basic question raised by this appeal is whether the ordinance enacted by the council of the

city of Niles, regulating the use of its streets, is constitutional in its effect upon the appellants.

The first issue to be determined is whether a municipal corporation may lawfully restrict through trucks to designated routes within the city.

Under the provisions of Section 3 of Article XVIII of the Constitution of Ohio, which confers upon a municipality all powers of local self-government, including the right to adopt and enforce local police regulations, and R. C. 723.01, giving a municipal corporation the power to regulate and control its streets, municipal corporations have broad powers with respect to the use of their streets. See *Union Sand & Supply Corp.* v. *Fairport* (1961), 172 Ohio St. 387.

The powers conferred by R. C. 723.01 are set forth more specifically by R. C. 737.022, which empowers a municipality to enact ordinances giving the Director of Public Safety the right to issue rules and regulations as to the "creation, abolition and regulation of through routes and truck routes."

Thus, a municipal corporation has the power, as part of its right to regulate and control its streets, to designate the routes which may be followed by trucks and to exclude them from all but designated streets, so long as such regulation is reasonable and does not constitute a denial of equal protection. See 7 McQuillin, Municipal Corporations (Rev. Ed.), 709 and 766, Sections 24.616 and 24.656.

In the instant case, the ordinance is a combination of both the exercise of power and the delegation of power. The ordinance itself designates certain routes to be followed and authorizes the Director of Public Safety to regulate routes.

The appellant contends that this ordinance is discriminatory, unreasonable and violates the equal-protection clause in relation to nonresident truckers.

An examination of the ordinance does not substantiate appellant's position. The ordinance confines through traffic, not intending to discharge cargo within the city, to

designated state routes. It also provides that through trucks shall use the streets within the city designated by the Director of Public Safety. It permits any trucker, resident or nonresident, to service industrial and commercial firms in the city. The third part of the ordinance provides that trucks may use certain streets only for the servicing of designated businesses thereon. Such exception is necessary inasmuch as these streets constitute the only means of access to those businesses.

The ordinance does not deny access to or travel through the city. It merely regulates what streets trucks may use. It subjects both local and nonresident truckers to the same regulations.

The appellants cite and rely upon *Richter Concrete Corp.* v. *Reading* (1957), 166 Ohio St. 279, to support their arguments. In the *Reading* case, the ordinance imposed restrictions on those engaged in through trucking and imposed no such restrictions upon those using the street for trucking other than through trucking. This court found that, under such circumstances, the ordinance was discriminatory and, thus, invalid. That case is not applicable to the present case because, in the instant case, all truckers, resident and nonresident, through and local, are subject to the same restrictions.

The appellants also urge that the ordinance constitutes a denial of equal protection and is not uniform in its operation in that it permits delivery to industrial and commercial businesses on nonexempt streets, but makes no provision for the use of such streets for delivery to agricultural, domestic or charitable institutions. They contend further that the part of the ordinance which permits the use of designated streets for delivery to and shipments from certain enumerated businesses thereon denies equal protection and lacks uniform operation in that it does not provide for delivery to and shipments from businesses which may come into existence after the enactment of the ordinance and, therefore, not named therein.

At the time of their arrest, appellants were operating

their through trucks on Salt Springs Road, a street not mentioned in the ordinance as an exempt street under any conditions. They were using such street to get to Interstate 805. Appellants do not contend that they were on this street to make any delivery in the city of Niles. That part of the ordinance which they contend is invalid in this respect had no application to them and was not the reason for their arrest.

The validity of those portions of the ordinance is not in issue in relation to their arrest. Thus, the appellants have no standing to attack the validity of the ordinance on these grounds.

It is well settled that one cannot attack the constitutionality of an ordinance where he has no direct interest and where the enforcement of the ordinance does not affect his rights. *Anderson* v. *Brown* (1968), 13 Ohio St. 2d 53.

One who has been arrested and charged with the violation of an ordinance cannot attack the constitutionality of a provision of such ordinance where he has not been charged with the violation of that provision and such provision did not contribute to his arrest.

Appellants' final contention is that the part of the ordinance which delegates the power to the Director of Public Safety to designate which streets shall be used by through trucks is an arbitrary, discriminatory and unreasonable delegation of power when conferred without guidelines or standards for its application.

However, the ordinance does, so far as practicable, establish guidelines. The ordinance limits through traffic to state routes and provides that certain designated streets may be used to service enumerated industries thereon. It would be impracticable to attempt to establish more detailed guidelines. The purpose of ordinances of this type is to remove truck traffic, so far as possible, from the more congested and residential areas of a municipality. It is well recognized that there are many instances of delegation of power where it is impossible or impracticable, due

to the subject matter concerned, to establish precise guidelines for the exercise of the delegated power. The variants which occur in attempting to regulate in certain areas require that the delegated power be general in nature. Regulation of the streets in relation to use is one of such areas. See *Weber* v. *Board of Health* (1947), 148 Ohio St. 389.

The regulation of truck traffic on municipal streets is necessary under today's traffic conditions, and a municipal ordinance regulating such use is a valid exercise of the police power so long as the ordinance is reasonable, is not discriminatory and is of uniform operation. The delegation to a Director of Public Safety, by ordinance, of the power to determine the streets which may be used by through trucks is a valid delegation of power.

The ordinance in the instant case is not discriminatory as between resident and nonresident truckers, has a uniform operation and does not constitute a denial of equal protection so far as appellants are concerned.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.