ADRIAN ET AL., APPELLEES, *v.* VILLAGE OF ST. PARIS ET AL., APPELLANTS.

(No. 83 CA 15—Decided November 18, 1983.)

*Mr. Michael J. Grigsby,* for appellees.
*Mr. Steven R. Fansler,* for appellants.

WEBER, J. This cause originated in the Champaign County Court of Common Pleas wherein the appellees filed their complaint which sought, *inter alia,* a ruling that Ordinance No. 431 of the village of St. Paris was unconstitutional, "of no force and effect," and that the trial court issue a "restraining order, temporary in-

junction and permanent injunction * * * restraining Defendants [appellants] from attempting to enforce or enforcing Ordinance No. 431. * * *'' The facts not being in dispute, stipulations and memorandums were filed with the court which subsequently made the following determinations:

### Findings of Facts

"1. The Village of St. Paris passed ordinance number 431 regulating the usage of streets in the Village.

"2. The procedural aspects of the passage of this ordinance were proper.

"3. The plaintiff in the past has driven on the streets of St. Paris with his business trucks, trailers, and semi-trailers.

"4. Plaintiff's present usage of streets in the Village as an access to his landfill outside the Village is prevented by the ordinance.

"5. The streets involved were correctly posted according to the ordinance.

"6. State Route 36 (the Main East-West Street in St. Paris) may be used by through trucks.

"7. Springfield Street is north-south street and is not permitted to be used by through trucks under the ordinance.

"8. Plaintiff and employees do not have any trash pick-up business in the Village of St. Paris.

"9. There are relatively equal alternative routes for travel available to Plaintiff that do not utilize prohibited village streets.

"10. The ordinance by its terms does not apply to trucks, trailers, or semi-trailers whose usual places of storage are on prohibited streets.

"11. The ordinance provides exceptions for which posted streets may be used by through trucks.

"The ordinance as passed is appropriate in every respect except that it violates the provisions of the equal protection clause of the 14th Amendment to the Constitution of the United States and Section 2 of Article I of the Ohio Constitution in its unreasonable classification. Such unreasonable classification is the distinction between persons housing trucks within the Village and persons whose trucks are not housed within the Village."

As a result the court held that the appellants are enjoined from enforcing said ordinance. It is from that order that the appellants seek review, asserting as their sole assignment of error:

"The Champaign County Court of Common Pleas erred in the declaring Ordinance Number 431 of the village of Saint Paris, Ohio, to be [an] unreasonable classification and violative of the Ohio and United States Constitutions."

It is well-settled in Ohio that municipalities may, under the auspices of their powers of local self-government, enact ordinances which regulate truck traffic on municipal streets, subject, of course, to the constitutional guarantees afforded by the United States and Ohio Constitutions. *Cincinnati Motor Transp. Assn.* v. *Lincoln Hts.* (1971), 25 Ohio St. 2d 203 [54 O.O.2d 317]; *Niles* v. *Dean* (1971), 25 Ohio St. 2d 284 [54 O.O.2d 392]. To determine the constitutionality of ordinances of this nature, Ohio courts have frequently applied the case of *Froelich* v. *Cleveland* (1919), 99 Ohio St. 376. In relevant part, the Supreme Court of Ohio reasoned, at page 391:

"It must be remembered that neither the state in the passage of general laws, nor the municipality in the passage of local laws, may make any regulations which are unreasonable. The means adopted must be suitable to the ends in view, they must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation. [Citations omitted.]"

The resolution of that issue, however, "is a question of law for the court and depends upon the peculiar facts in each case," *Lincoln Hts., supra,* at 208, there

being "no general rule by which to distinguish reasonable and lawful from unreasonable and arbitrary classification." *Richter Concrete Corp.* v. *Reading* (1957), 166 Ohio St. 279, 284 [2 O.O.2d 169], citing 16A Corpus Juris Secundum (1956) 242, Constitutional Law, Section 489.

The trial court's decision was based on the Ohio Supreme Court's ruling in *Reading, supra.* The ordinance in *Reading* reads in pertinent part as follows:

"Section I: That it shall be unlawful for any person, partnership, firm or corporation to operate any vehicle or vehicles on any of the public streets within the boundaries of the city of Reading, Ohio, containing a gross weight, including load, in excess of 20,000 pounds, excepting for the purpose of loading or unloading said vehicles at a residence, place of business or industry within the boundaries of the city of Reading, Ohio, which shall include ordinary deliveries to any of such places, and excepting also for the purpose of traveling to or from a residence, place of business or industry where said vehicle or vehicles are registered or hired and excepting also for the operation of vehicles over Reading Road, a state highway * * *.

"Section III: That this ordinance be, and the same is hereby declared an emergency measure necessary for the immediate preservation of the public peace, health and safety, the reason for the emergency being that vehicles of the type restricted herein are damaging streets and endangering the safe movement of persons and other vehicles. Therefore, this ordinance shall take effect and be in force immediately from and after its passage * * *."

The Supreme Court concluded that the ordinance discriminated "between residents and nonresidents engaged in the operation of trucks weighing in excess of 20,000 pounds." *Reading, supra,* at 284. Accordingly, the court held per its syllabus:

"Where an ordinance prohibits the operation of trucks over a certain weight on all the streets of a municipality, * * * excepting operations for loading or unloading at a residence, place of business or industry in the municipality or traveling to or from a residence, place of business or industry where such trucks are registered or hired, such ordinance is discriminatory against nonresidents of such municipality, is an unreasonable classification, is violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Section 2 of Article I of the Ohio Constitution and is invalid."

In the instant case, Ordinance No. 431 reads in relevant part:

"SECTION I: Traffic on Local Streets

"(a) No person shall operate a bus, truck, trailer or semi-trailer on any street in the municipality other than a State route, except those local streets designated as a truck route and marked as such by appropriate traffic signs, and except when this operation is necessary to:

"(1) Load or unload property on such street;

"(2) Go to or from the usual place of storage of the vehicle on such street; or

"(3) Perform any other necessary business or act on such street.

"(b) The municipality, with respect to highways under its jurisdiction may, upon application in writing and for good cause shown, issue a special permit in writing authorizing the applicant to operate or move a vehicle or combination of vehicles of a type, size or weight exceeding the maximum specified in this chapter, upon local streets of the municipality other than State routes. Such permit may be issued for a single or round trip or in special instances for a specified period of time. The application shall be in such form as the municipality may prescribe. The municipality may grant or deny such permit or, if such permit is issued, may limit or prescribe conditions of operation for such vehicle. The municipality may require the posting of a

bond or other security to compensate for any damage to a roadway or road structure. Every such permit shall be carried in the vehicle or combination of vehicles to which it refers and shall be open to inspection by any police officer. No person shall violate any of the terms of such permit."

The appellants contend, however, that said ordinance is more akin to the ordinance involved in *Niles* v. *Dean* (1971), 25 Ohio St. 2d 284 [54 O.O.2d 392], and that the Supreme Court's *ratio decidendi* in that case compels the conclusion that Ordinance No. 431 is constitutional. The ordinance in *Niles* in pertinent part is as follows:

"Section I.   That from and after the effective date of this ordinance all vehicular trucks excepting one-half ton pickup trucks and panel trucks, not intending to discharge cargo within the city shall follow designated state routes through the city.

"Section II.   That all through trucking shall use predetermined streets only within the city as designated by the Director of Public Safety.

"Section III.   That trucking will be permitted to service industrial and commercial firms located within the city of Niles and trucking to and from truck terminals and truck company offices within the city, and operators of trucks using streets other than state routes to and from location of said terminals and offices shall be exempt from the provisions of this ordinance.

"Section IV.   That in addition to the above exemptions, trucking will be permitted on Warren Avenue by operators thereof making deliveries to or from the following firms whose location is adjacent to or in close proximity to the limits of the city."

In dismissing the applicability of *Reading* to the case before them, the Supreme Court determined that:

"* * * In the *Reading* case, the ordinance imposed    restrictions on those engaged in through trucking and imposed no such restrictions upon those using the street for trucking other than through trucking. This court found that, under such circumstances, the ordinance was discriminatory and, thus, invalid. That case is not applicable to the present case because, in the instant case, all truckers, resident and nonresident, through and local, are subject to the same restrictions." 25 Ohio St. 2d 284, at 287.

See, also, *Lincoln Hts., supra,* where the ordinance involved prohibited truck traffic on one exclusively residential street.

The record in the case before us indicates that the appellees were prohibited from traveling on Springfield Street in the village of St. Paris. The record does not indicate, however, if Springfield Street is exclusively residential, business, or a mixture of both. Nor does Ordinance No. 431 contain any clause which would indicate the purpose sought to be effected by the legislation. While we do not hold that the absence of those items is fatal to the constitutionality of Ordinance No. 431, the lack thereof serves to impose the applicability of *Reading.*

Admittedly, the reasonableness of said ordinance is supported by the availability of alternate routes to the appellees. See *Lincoln Hts., supra.* As presently worded, however, the enforcement of Ordinance No. 431 discriminates against individuals or entities that do not store their "bus, truck, trailer or semi-trailer" on a "local street."

Finding nothing in the record that would negate or differentiate *Reading, supra,* it is our opinion that the trial court's reliance thereon was proper. Accordingly, appellants' sole assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.