SEBASTIAN, Appellant,

v.

VILLAGE OF GEORGETOWN, Appellee.

[Cite as *Sebastian v. Georgetown* (2001), 146 Ohio App.3d 227.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA2000–08–024.

Decided Oct. 1, 2001.

228

*Michael P. Kelly,* for appellant.

*Jay D. Cutrell,* for appellee.

POWELL, Judge.

Plaintiff-appellant, Mendell Sebastian, appeals the decision of the Brown County Court of Common Pleas denying appellant's complaint for a declaratory judgment that the village of Georgetown ("village") Ordinance 963–05–25–00 ("ordinance") is unconstitutional. We affirm the decision of the trial court.

Appellant leased a house on Home Street in the village for more than ten years. In the last few years, appellant has parked three vehicles on the right-of-way of Home Street in front of his house and his neighbors' houses because the driveway on the property is too small for any one of his vehicles. Appellant's vehicles are a pickup truck, a mid-size automobile, and a utility trailer. After the village received complaints, Georgetown Council passed Ordinance 963–05–25–00, which prohibited parking on the right-of-way of Home Street. Appellant filed a complaint for a declaratory judgment that the ordinance was unconstitutional and sought preliminary and permanent injunctions against its enforcement. The trial court held a consolidated trial on the complaint for injunctive relief and declaratory judgment. The trial court denied appellant's complaint to declare the ordinance unconstitutional and the request for injunctive relief. Appellant appeals the trial court's decision and raises one assignment of error as follows:

"The trial court erred to the prejudice of plaintiff-appellant in denying his complaint for a declaratory judgment that village of Georgetown Ordinance 963–05–25–00 is unconstitutional."

Appellant argues that the village ordinance is unconstitutional because it is overbroad, not rationally related to a legitimate state interest, and unreasonably interferes with private rights.

The resolution written for the ordinance states that the Brown County General Hospital is located on Home Street, that visibility of traffic can be impaired by vehicles parked within the right-of-way of the street, and that the current parking system presents a risk of accident and injury to residents and users of Home Street. Appellant argues that the ordinance is not rationally related to the purpose of safety because there was no evidence that his parked vehicles presented any safety risk to hospital travelers, residents, or others using the street.

Section 3, Article XVIII of the Ohio Constitution provides: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Neither the state in the passage of general laws, nor the municipality in the passage of local laws, may make any regulations that are unreasonable. *Adrian v. St. Paris* (1983), 12 Ohio

App.3d 71, 72, 12 OBR 213, 465 N.E.2d 1356. The means adopted must be suitable to the ends in view, must be impartial in operation and not unduly oppressive upon individuals, must have a real and substantial relation to their purpose, and must not interfere with private rights beyond the necessities of the situation. *Id.* at 72, 12 OBR 213, 465 N.E.2d 1356.

It is well established that all legislative enactments enjoy a presumption of constitutionality. *Hamilton v. Johnson* (Dec. 3, 1999), Butler App. No. CA99–02–025, unreported, at 5, 1999 WL 1087024, citing *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 446 N.E.2d 449. Courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. *Id.* Therefore, when considering the constitutionality of an ordinance, a court should not declare it unconstitutional if there is a rational way, through liberal construction, to preserve its constitutionality. *Id.*, citing *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 330 N.E.2d 896. In reviewing the reasonableness of an ordinance, it is not a court's function to pass judgment on the wisdom of the legislation, for that is the task of the legislative body that enacted the legislation. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 48, 616 N.E.2d 163. Unless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion. *Id.* Local authorities are presumed to be familiar with local conditions and to know the needs of the community. *Id.*

Municipalities may regulate the use of streets and the care, supervision, and control of streets. See R.C. 715.22 and 723.01. Parking is a subject within the scope of the police power of the state or its subdivisions. *Norwood v. Forest Converting Co.* (1984), 16 Ohio App.3d 411, 416, 16 OBR 481, 476 N.E.2d 695. Legislative concern for public safety is not only a proper police power objective; it is a mandate. *Arnold v. Cleveland,* 67 Ohio St.3d at 47, 616 N.E.2d 163.

Appellant argues that the testimony of the counsel members was not sufficiently clear or consistent about the safety issues. The village introduced evidence of safety concerns while appellant offered witnesses who stated that visibility was not a problem if care was taken when driving on the street or backing out of driveways. The village presented signed questionnaires of a majority of the responding property owners on the street favoring the parking prohibition. Appellant presented signed questionnaires from eighty-nine users of Home Street who opposed the parking prohibition. The range of the testimony does not diminish the fact that the prohibition of parking for safety reasons on a street upon which a hospital is located bears a real and substantial relationship to the safety of the public.

Appellant next asserts that the ordinance is constitutionally over-broad. An ordinance is overbroad if it sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments. *State v. Bilder* (1994), 99 Ohio App.3d 653, 662, 651 N.E.2d 502. An ordinance may be overbroad if it prohibits constitutionally protected conduct. *Id.* An overbroad law is one that purports to prohibit not only acts that the legislature may forbid but also acts that the First Amendment makes immune to such regulation. *State v. Keister* (M.C.1983), 8 Ohio Misc.2d 1, 3, 8 OBR 59, 455 N.E.2d 1370, citing *NAACP v. Button* (1963), 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405.

Appellant asserts that the ordinance is "grossly overbroad for its intended purpose" but fails to otherwise elucidate for the court how the ordinance infringes upon any of his constitutionally protected conduct under the First or Fourteenth Amendments, or how it prohibits acts that the First Amendment makes immune to such regulation. Apparently under the umbrella of over-breadth, appellant asserts that the ordinance infringes on private property rights. Appellant cites three cases for the proposition that the owner of real property has an interest in the use of the street in front of his or her property.[1] We first note that appellant is not the owner of the property on Home Street, but a renter of property. The owner of the property is not part of this action. Further, the three cases address the diminution or exclusion of the property owner's right of ingress and egress from his or her property, not the right to park on the right-of-way in front of his house and his neighbors' houses. Although an owner of property abutting on a street possesses the right of ingress and egress, he has no right superior to that of any other member of the public at large to park automobiles in front of his premises. See *State v. Whisman* (C.P.1970), 24 Ohio Misc. 59, 64, 53 O.O.2d 102, 263 N.E.2d 411. An abutting property owner has no property right in any specific parking regulation. *Norwood v. Forest Converting Co.*, 16 Ohio App.3d at 416, 16 OBR 481, 476 N.E.2d 695.

Appellant also argues that the parking prohibition is unduly oppressive on him because his disability makes walking any distance painful and apparently his stature precludes the use of a compact car to fit in his driveway. It is unfortunate that appellant has not been able to arrange to park one of his vehicles on the rental property in some fashion. However, as the trial court stated in its opinion, "the fact that the Plaintiff [appellant] has no substantial off-street parking and/or driveway is a condition inherent with the rental property itself, and not due to the actions of the Defendant village. Further, the Plaintiff's

---

1. The three cases cited by appellant are as follows: *Northern Boiler Co. v. David* (1952), 157 Ohio St. 564, 47 O.O. 416, 106 N.E.2d 620; *State ex rel. OTR v. Columbus* (1996), 76 Ohio St.3d 203, 667 N.E.2d 8; *McKay v. Kauer* (1951), 156 Ohio St. 347, 46 O.O. 204, 102 N.E.2d 703.

[appellant's] choice to have a passenger vehicle, a pickup truck, and a large utility trailer all at his residence are again not due to any actions of the Defendant village, but of the Plaintiff's [appellant's] own choice and volition."

There was no evidence presented that the ordinance was passed to discriminate against appellant and his disabilities. According to the record, the ordinance was enacted to provide for the safety of the public, both residents and nonresidents equally. As we previously stated, legislative concern for public safety is a proper police power, and it is not the function of the court to judge the wisdom of the legislation.

In conclusion, we find no clear and palpable abuse of power by the village in enacting this parking ordinance. The ordinance does not infringe on property rights, is not overbroad, and is rationally related to the legitimate purpose of public safety. Further, we find that sufficient evidence existed for the trial court to find that the ordinance served the legitimate purpose of public safety and was not unconstitutional. Appellant's assignment of error is overruled.

*Judgment affirmed.*

VALEN, P.J., and WALSH, J., concur.