OPINION
Defendant-appellant, the village of South Lebanon ("South Lebanon"), appeals the decision of the Warren County Court of Common Pleas finding that South Lebanon's Ordinance 2000-15, which restricts "through truck" traffic, is unconstitutional. We affirm the decision of the trial court.
In 1998, plaintiffs-appellees, Jimmy Amburgy and the Carl Oeder Sons Sand Gravel Company ("Gravel Co.") began operating a gravel pit on the eastern edge of South Lebanon. Gravel Co. drove trucks from its processing plant on the designated truck route through the center of South Lebanon to the gravel pit. The trucks would then return from the gravel pit through the center of South Lebanon loaded with gravel to process at the plant.
The number of Gravel Co. trucks moving through town on the truck route exceeded 400 trucks per day. South Lebanon alleged the increased level of truck traffic caused problems with safety, dust, noise, soot and pollution for the residents of South Lebanon. The trucks were reportedly running people off the road or causing them to brake abruptly when the trucks went left of center attempting to make 90-degree turns. In addition to the increased noise and safety problems, South Lebanon alleged physical damage began occurring to the road due to the increased level of "through truck" traffic.
As a result, South Lebanon passed Ordinance 2000-15. Ordinance 2000-15 prohibits the operation of "through trucks" over 20,000 pounds in South Lebanon. However, Ordinance 2000-15 excepts from the prohibition "any vehicle while delivering goods or services to any business or residence within the corporate limits of South Lebanon."
Gravel Co. filed a complaint in the Warren County Common Pleas Court seeking relief from Ordinance 2000-15 in the form of preliminary and permanent injunctions, declaratory relief, and money damages. On June 28, 2001, the court granted Gravel Co.'s motion for preliminary and permanent injunctions, finding Ordinance 2000-15 unconstitutional and enjoining South Lebanon from enforcing 2000-15. South Lebanon appeals the decision raising a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT HELD THE ORDINANCE VIOLATED THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION.
A trial court's decision to grant or deny a requested injunction is a matter solely within that court's discretion. This court may not disturb the judgment of the trial court in the absence of a clear abuse of discretion. Danis Clarko Landfill Co. v. Clark Cty. Solid Waste Mgt.Dist. (1995), 73 Ohio St.3d 590, paragraph three of the syllabus.
Equal protection under the law requires that no person or class of persons shall be denied the protection afforded by laws to other persons or classes in like circumstances. See Nordlinger v. Hahn (1992),505 U.S. 1, 112 S.Ct. 2326. However, the Equal Protection Clause does not prevent classifications; it simply forbids laws which treat differently persons who are in all relevant respects alike. Id. In determining whether a statute or ordinance violates the right to equal protection, a court must initially determine whether the class distinction drawn involves a suspect class or fundamental right. Rosman v. Firemen Policemen's DeathBenefit Fund (1993), 66 Ohio St.3d 443, 447.
The level of scrutiny upon review depends upon the nature of the classification made. If no suspect class or fundamental right is involved, the classification is subject to a "rational-basis" scrutiny. Id. Under this standard, the classification does not violate equal protection if it bears a rational relationship to a legitimate governmental interest. Id. If the discrimination infringes upon a suspect class or fundamental right, it becomes the subject of strict judicial scrutiny and will be upheld only upon a showing that it is narrowly tailored and justified by a compelling state interest. See Reno v.Flores (1993), 507 U.S. 292, 302, 113 S.Ct. 1439. That is, once the existence of a fundamental right or a suspect class is shown to be involved, the state must assume the heavy burden of proving that the legislation is constitutional. See, e.g., Eisenstadt v. Baird (1972),405 U.S. 438, 447, 92 S.Ct. 1029; Dunn v. Blumstein (1972), 405 U.S. 330,342, 92 S.Ct. 995; Tanner v. Weinberger (C.A.6, 1975), 525 F.2d 51, 54.
The Supreme Court of Ohio has recently stated that the right of intrastate travel is a fundamental right. State v. Burnett,93 Ohio St.3d 419, 428, 2001-Ohio-1581, citing Kent v. Dulles (1958),357 U.S. 116, 125, 78 S.Ct. 1113, reconsideration denied,93 Ohio St.3d 1499. Any deprivation of the right to intrastate travel, therefore, must be evaluated under a compelling-interest test. SeeShapiro v. Thompson (1969), 394 U.S. 618, 89 S.Ct. 1322.
South Lebanon argues the trial court failed to review the ordinance in question under the "Mandatory Equal Protection Analysis * * * required under a rational-basis test." South Lebanon maintains the court failed to give South Lebanon legislation the presumption of validity with regard to Ordinance 2000-15, failed to presume the validity of the distinction between "through trucks" and other trucks, and further failed to acknowledge the evidence before it regarding the different impacts "through trucks" were having on South Lebanon. However, since the Supreme Court of Ohio has stated the right of intrastate travel is a fundamental right, the rational-basis test does not apply to intrastate travel. SeeBurnett, 93 Ohio St.3d at 428, 2001-Ohio-1581. Therefore, the trial court did not err when it declined to apply a rational-basis test.
South Lebanon also argues the trial court incorrectly relied upon the decision in Richter Concrete v. City of Reading (1957), 166 Ohio St. 279, and instead, should have relied upon Niles v. Dean (1971),25 Ohio St.2d 284. South Lebanon argues that in Dean, the "Ohio Supreme Court upheld the identical distinction" presented in South Lebanon Ordinance 2000-15.
The ordinance in Dean, "confines through traffic, not intending to discharge cargo within the city, to designated state routes." Dean,25 Ohio St.2d at 286-287. The South Lebanon ordinance restricts the operation of a truck within the boundaries of South Lebanon except for "any vehicle while delivering goods or services to any business or residence within the corporate limits of South Lebanon." The ordinance in Dean was upheld because "all truckers, resident and nonresident, through and local, [were] subject to the same restrictions." Dean,25 Ohio St.2d at 287. However, the Dean case was decided based on a rational-basis test before the decision of Burnett, 93 Ohio St.3d 419,2001-Ohio-1581. Since Burnett, a statute restricting intrastate travel requires a strict-scrutiny review. Therefore, the Dean case was reviewed at a different level of scrutiny and is not applicable to the review of South Lebanon Ordinance 2000-15.
South Lebanon also argues that ordinances have been upheld where alternate routes are available to the "through trucks," and cites in support of this argument Lordstown v. Eutsey (Nov. 30, 1990), Trumball App. No. 88-T-4147, Cincinnati Motor Transp. Assn. v. Lincoln Hts. (1971), 25 Ohio St.2d 203, and Lake County Land Improvement, Inc. v.Gates Mills (Dec. 24, 1986) Cuyahoga App. No. 51363.[1]
The ordinance in Lordstown prohibited "all trucks in excess of five tons from using Lyntz Road." Lordstown at 6. Lyntz Road is an "exclusively residential street." Id. at 5. The Lordstown ordinance is impartial and applied with equal force to all trucks. All trucks over the weight limit whether "through trucks" or trucks delivering goods within the city limits are excluded from Lyntz Road. The South Lebanon ordinance is not impartial because it permits trucks over the weight limit to operate within South Lebanon if making a delivery within the village while it places prohibitions on "through trucks." Therefore, the reasoning behind finding the impartial Lordstown ordinance valid when it restricted all heavy truck traffic from a single, exclusively residential, street is not analogous to the review of the South Lebanon ordinance.
The ordinance in Lincoln Hts. also prohibited heavy trucks from a single residential street. The Lincoln Hts. ordinance prohibited "the operation upon Shepherd Lane, a residential street, vehicles weighing more than 20,000 pounds." Lincoln Hts., 25 Ohio St.2d at 203. The restriction of a single street from heavy trucks was upheld in Lincoln Hts. based upon the fact that Shepherd Lane was "an almost exclusively residential community" comprising of "99.5% residential and .5% business and industrial." Lincoln Hts., 25 Ohio St.2d at 207. The court in LincolnHts. did not address the issue of "through trucks" versus delivery trucks, leaving one to presume that the ordinance in question applied with equal force to all trucks. The restrictions of the South Lebanon ordinance are not limited to a single residential street; therefore the reasoning in Lincoln Hts. is not applicable to the review of the South Lebanon ordinance.
Furthermore, both the Lordstown and Lincoln Hts. ordinances were narrowly tailored since they restricted only a single residential street from all heavy truck traffic. The South Lebanon ordinance is not so narrowly tailored. Strict scrutiny requires the government's infringement to be "narrowly tailored to serve a compelling state interest." Reno v.Flores (1993), 507 U.S. 292, 302, 113 S.Ct. 1439. The Lordstown andLincoln Hts. ordinances were tailored narrowly enough to pass a strict scrutiny test while South Lebanon Ordinance 2000-15 was not.
The ordinance in Gates Mills restricted truck and commercial traffic to Mayfield Road and SOM Center Road, but excepted vehicles "receiving goods or making deliveries along restricted thoroughfares or receiving or discharging passengers." The ordinance in Gates Mills is most analogous to the South Lebanon ordinance. However, the Gates Mills decision was rendered before Burnett, 93 Ohio St.3d 419, 2001-Ohio-1581, thus the review in Gates Mills was not under a strict scrutiny test. Therefore, the Gates Mills case was reviewed at a different level of scrutiny and is not applicable to the review of the South Lebanon ordinance.
South Lebanon Ordinance 2000-15 is not narrowly tailored to serve a compelling state interest and it gives preference to one class of truck over another, consequently it is invalid. The trial court did not abuse its discretion in granting the injunction and finding the South Lebanon ordinance unconstitutional. Therefore, the assignment of error is overruled.
Judgment affirmed.
POWELL and YOUNG, JJ., concur.
[1] Appellees have filed a notice of additional authority citing to a preliminary injunction that enjoins Union Township from enforcing Resolution 112000-01. Resolution 112000-01 imposes restrictions similar to the South Lebanon ordinance on vehicles over a certain weight from using particular roads. Union Township neighbors South Lebanon and restriction in Union Township could effect alternative routes. However, since the Union Township injunction is preliminary, it is not proper for this court to consider the injunctions implication upon the South Lebanon ordinance at this time.