The STATE of Ohio, Appellee,

v.

BAKER, Appellant.

[Cite as State v. Baker, 157 Ohio App.3d 87, 2004-Ohio-2207.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2002–11–286 and CA2003–01–021.

Decided May 3, 2004.

Brian Goodyear, Prosecuting Attorney, Hamilton Law Department, for appellee.

Clayton G. Napier, for appellant.

WILLIAM W. YOUNG, Presiding Judge.

{¶ 1} Defendant-appellant, Danny P. Baker, appeals from the denial by the Hamilton Municipal Court of his motion to dismiss in which he challenged the constitutionality of Hamilton Codified Ordinance 537.17.

{¶ 2} In the early morning hours of October 4, 2002, Officer Paul Webb of the Hamilton Police Department was dispatched to North Sixth Street in Hamilton, Ohio, to investigate a call of disturbance. Officer Webb was operating a marked police cruiser, was wearing a police uniform, and was performing his official duties as a police officer. Upon arriving in the area of the disturbance, the officer observed a group of people and appellant standing in the middle of the road. Appellant was yelling something to another group of people standing at or next to his residence. Officer Webb rolled down his window and told appellant to approach. In response, appellant asked, "Who is it?", to which the officer replied, "You know who it is[,] come here." Upon approaching the police cruiser, appellant then asked, "Is that Webb?" When the officer replied "Yes it is," appellant stated, "It's the real cock sucker."

{¶ 3} Appellant was cited for "conduct towards a law enforcement officer" in violation of Hamilton Codified Ordinance 537.17 ("Section 537.17").[1] Prior to trial, appellant moved to dismiss the charge against him on the ground that

---

1. Section 537.17 states: "No person shall knowingly and willfully, verbally abuse or make derogatory remarks to a policeman or other officer of the peace in the performance of the duties of his office or employment. Whoever violates this section is guilty of a minor misdemeanor."

Section 537.17 was unconstitutional. The trial court cursorily overruled appellant's motion. Following a bench trial, appellant was found guilty as charged and fined $155. This appeal follows.

{¶ 4} In his sole assignment of error, appellant challenges the constitutionality of Section 537.17 on the grounds that it is overbroad, vague, and content-based in violation of the First Amendment to the United States Constitution.

{¶ 5} It is well established that all legislative enactments enjoy a presumption of constitutionality. *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 446 N.E.2d 449. Courts must apply "all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional." Id. Therefore, when considering the constitutionality of an ordinance, a court should not declare it unconstitutional if there is a rational way, through liberal construction, to preserve its constitutionality. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 330 N.E.2d 896. It is not a court's function to pass judgment on the wisdom of the legislation, for that is the task of the legislative body that enacted the legislation. *Sebastian v. Georgetown* (2001), 146 Ohio App.3d 227, 231, 765 N.E.2d 925, citing *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163. Local authorities are presumed to be familiar with local conditions and to know the needs of the community. Id.

{¶ 6} Appellant argues that Section 537.17 is unconstitutionally overbroad because it is susceptible of application to protected speech. Appellant's argument is overruled on the basis of this court's decision in *Hamilton v. Johnson* (Dec. 3, 1999), Butler App. No. CA99–02–025, 1999 WL 1087024, in which we rejected an identical constitutional challenge: "[W]hile Hamilton Codified Ordinance 537.16 [2] on its face sweeps too broadly, it can be narrowly construed to proscribe only the 'fighting words' class of unprotected speech." (Footnote added.) Id. at 7. Hamilton Codified Ordinance 537.17 is therefore not unconstitutionally overbroad.

{¶ 7} Appellant next cursorily argues that Section 537.17 is unconstitutionally vague "because it is impossible to tell what conduct it is referring to as prohibited." As a result, "misconduct 'can mean anything a police officer decides he does not like.'" Appellant's argument is rejected on the ground that a failure to cite case law or statutes in support of an argument as required by App.R. 16(A)(7) is grounds to disregard an assignment of error pursuant to App.R. 12(A)(2). *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 169, 658 N.E.2d 1109. Given the fact that appellant fails to cite a single authority of

---

**2.** Although "conduct towards a law enforcement officer" was apparently codified under Hamilton Codified Ordinance 537.16 in *Johnson,* as opposed to Hamilton Codified Ordinance 537.17 in the case at bar, the language of the two provisions is identical.

law in his brief in support of his argument, appellant's constitutional challenge of Section 537.17 on vagueness grounds is disregarded.

{¶ 8} Finally, appellant argues that Section 537.17 is an unconstitutional content-based restriction because it proscribes verbal abuse or derogatory remarks only against police or peace officers, and no one else (including firefighters, judges, or any other public servant), in violation of the First Amendment.

{¶ 9} Content-based regulations are presumptively invalid. *R.A.V. v. St. Paul* (1992), 505 U.S. 377, 382, 112 S.Ct. 2538, 120 L.Ed.2d 305. However, certain areas of speech, such as obscenity, defamation, and fighting words, "can, consistently with the First Amendment, be regulated because of their constitutionally proscribable content[.]" Id., 505 U.S. at 383, 112 S.Ct. 2538, 120 L.Ed.2d 305. Thus, "[e]ven the prohibition against content discrimination * * * is not absolute. It applies differently in the context of proscribable speech than in the area of fully protected speech. The rationale of the general prohibition, after all, is that content discrimination 'raises the specter that the Government may effectively drive certain ideas or viewpoints from the marketplace[.]' * * * But content discrimination among various instances of a class of proscribable speech often does not pose this threat." Id., 505 U.S. at 387–388, 112 S.Ct. 2538, 120 L.Ed.2d 305.

{¶ 10} In *R.A.V.*, the United States Supreme Court identified three categories of content discrimination that may be regulated: (1) "[w]hen the basis for the content discrimination consists entirely of the very reason the entire class of speech is proscribable," id., 505 U.S. at 388, 112 S.Ct. 2538, 120 L.Ed.2d 305; (2) when a content-defined subclass of proscribable speech "happens to be associated with particular 'secondary effects' of the speech, so that the regulation is 'justified without reference to the content of the * * * speech,'" id., 505 U.S. at 389, 112 S.Ct. 2538, 120 L.Ed.2d 305; and (3) when "the nature of the content discrimination is such that there is no realistic possibility that official suppression of ideas is afoot." Id., 505 U.S. at 390, 112 S.Ct. 2538, 120 L.Ed.2d 305.

{¶ 11} We find that while Section 537.17 is presumptively invalid under *R.A.V.* because it criminalizes fighting words only against police officers, it nonetheless falls within the first and third categories and is therefore not an unconstitutional content-based restriction.

{¶ 12} As an illustration under the first category, the Supreme Court stated that "the Federal Government can criminalize only those threats of violence that are directed against the President, * * * since the reasons why threats of violence are outside the First Amendment * * * have special force when applied to the person of the President. * * * But the Federal Government may not criminalize only those threats against the President that mention his policy on aid

to inner cities." *R.A.V.*, 505 U.S. at 388, 112 S.Ct. 2538, 120 L.Ed.2d 305. It follows that just as the government may criminalize only threats of violence against a specific victim, the President, so too may the legislature criminalize only verbal abuse and derogatory remarks against a class of victims, police or peace officers. See *People v. Stanistreet* (2002), 29 Cal.4th 497, 127 Cal.Rptr.2d 633, 58 P.3d 465, certiorari denied (2003), 538 U.S. 1020, 123 S.Ct. 1944, 155 L.Ed.2d 861.

{¶ 13} Indeed, Section 537.17 "reflects a legitimate community interest in the harmonious administration of its laws. * * * [A] wanton, high-velocity, verbal attack [against a police officer] often is but a step away from violence or passioned reaction, no matter how self-disciplined the individuals involved. In the interest of the arrested person who could become the victim of police overbearance, and in the interest of the officer, who must anticipate violence and who, like the rest of us, is fallibly human, legislatures have enacted laws * * * to serve a legitimate * * * purpose and to restrict only speech that is 'of such slight * * * value as a step to truth that any benefit that may be derived from [it] is clearly outweighed by the social interest in order and morality.' " *Lewis v. New Orleans* (1974), 415 U.S. 130, 141, 94 S.Ct. 970, 39 L.Ed.2d 214 (Blackmun, J., dissenting).

{¶ 14} Or, in other words, "[w]hile police officers are experienced at handling unruly persons, the corollary is that police officers are obligated to confront such persons frequently. We may rightly expect that a police officer will act in accordance with his or her training or disciplinary rules. But to fashion from this expectation a judicial rule that relieves a person from the reach of a criminal statute solely because the victim is a police officer is to invite the use of abusive language toward police officers." *State v. Read* (1996), 165 Vt. 141, 151, 680 A.2d 944. Section 537.17 therefore falls within *R.A.V.*'s first category of permissible content-based restriction.

{¶ 15} Likewise, Section 537.17 falls within *R.A.V.*'s third category of permissible content-based restriction. We see no realistic possibility of official suppression of ideas. The ordinance is not suppressing all statements or remarks made to a police or peace officer, only verbal abuse and derogatory remarks.

{¶ 16} We therefore find that Section 537.17 is not overbroad, vague, or an unconstitutional content-based restriction. The trial court did not err by overruling appellant's motion to dismiss. Appellant's assignment of error is overruled.

{¶ 17} The judgment is affirmed.

Judgment affirmed.

WALSH and VALEN, JJ., concur.