JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Joseph D. Tvergyak appeals his five-year no-contact order with his wife, Lisa Mellusso (Mellusso), imposed as a condition of his probation after being found guilty of domestic violence in Garfield Heights Municipal Court. For the reasons stated below, we affirm.
 {¶ 2} In early December 2003, after Tvergyak and Melluso returned from a night of drinking, Tvergyak demanded that Mellusso perform fellatio. When Mellusso refused, Tvergyak attacked her, forcing her down, punching her several times, and scraping her legs. Mellusso bit Tvergyak's penis during the attack and then ran from the house, without shoes, in the snow, to the Garfield Heights Police Station. The Garfield Heights police observed several cuts on Mellusso's face and lip, and her face and hands were covered in blood. Mellusso was extremely upset and stated that she feared that Tvergyak would kill her. Tvergyak was charged with one count of domestic violence in the Garfield Heights Municipal Court.
 {¶ 3} On March 17, 2004, Tvergyak entered a plea of "no contest" and was found guilty of domestic violence in violation of Ohio Revised Code2919.25(A), a misdemeanor of the first degree. As a result of his conviction, Tvergyak was sentenced to one hundred eighty days in jail, with one hundred forty-eight days suspended, and five hundred hours of community service. He was also fined one thousand dollars and ordered to have no contact with Melluso, and to complete five years active probation. On March 22, 2004, Tvergyak moved the municipal court to modify its sentence regarding the no-contact order. On April 15, 2004, the municipal court reviewed the motion to modify and summarily denied the motion.
 {¶ 4} Tvergyak's sole assignment of error states:
"The municipal court committed reversible error, in imposing a sentenceof a five (5) year separation of married spouses; and, in overrulingdefendant's motion to modify the sentence, the court was not within itsjurisdiction to deny said motion."
 {¶ 5} Trial courts are given broad discretion in their sentencing authority when it comes to conditions of probation. The sentencing court can impose additional conditions aimed at preserving the interests of justice, protection of the community, and the rehabilitation of the offender. R.C. 2929.25 (B)(2). To determine whether a condition of probation as part of sentencing is appropriate and valid, the Ohio Supreme Court has stated that a court should consider "whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime convicted, and (3) relates to the conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." State v. Jones (1990), 49 Ohio St.3d 51, 53.
 {¶ 6} In State v. Conkle (1998), 129 Ohio App.3d 177, the defendant was convicted of domestic violence in violation of R.C. 2919.25 (A), and as a condition of probation, a "no-contact order" with his wife, the victim, was issued for the duration of the three-year probationary period. The defendant appealed this portion of the sentence, and the court, applying the three-prong test in Jones, supra, held that the no-contact condition was valid and served the statutory ends of probation. The court reasoned that the condition was reasonably related to the goal of rehabilitating the defendant and bore a relationship to the crime at issue and that such a separation was reasonably related to preventing future instances of domestic violence.
 {¶ 7} In the case at bar, the sole issue is identical to the issue presented in Conkle, supra. Tvergyak was convicted of domestic violence in violation of R.C. 2919.25 (A). As a condition of his probation, the court issued a no-contact order with the victim, his wife.
 {¶ 8} The trial court is in the best position to evaluate the circumstances and sentence the defendant accordingly. In this case, the facts are such that the trial court's sentence and conditions of probation clearly pass the three-prong test as applied in Jones, supra. The no-contact order as a condition of Tvergyak's probation clearly bears a relationship to the crime at issue, is related to rehabilitating the defendant, and is fashioned as such to prevent future instances of domestic violence.
 {¶ 9} Appellant asserts that Conkle does not apply because it does not address subject matter jurisdiction. The defendant in Conkle and the defendant in the case at bar were convicted of domestic violence, a misdemeanor of the first degree. Clearly, the trial court had proper subject matter jurisdiction, and we find this argument to be not well taken.
 {¶ 10} Tvergyak's sole assignment of error lacks merit.
 {¶ 11} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., And McMonagle, J. concur.