JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Eunice D. Spires appeals pro se the trial court's decision affirming the Board of Building Standards and Building Appeals' ("Board") decision denying Spires additional time to rectify housing code violations. Spires assigns the following error for our review:
 "I. Whether the lower court erred in its discretion and decision in dismissing the appellant's case with prejudice."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On May 26, 2004, the City of Cleveland ("City") issued a violation to Eunice Spires for numerous housing code violations relating to her property located at 2656 Martin Luther King Drive. Spires appealed these violations to the Board requesting eighteen months to make the repairs to her property. She did not dispute the validity of the violations.
 {¶ 4} On August 11, 2004, the Board held a hearing and granted Spires sixty days to repair her driveway and complete the painting of her home. The Board indicated that Spires was to begin these repairs immediately. In addition, the Board granted Spires until May 1, 2005 to complete roofing and gutter repairs.
 {¶ 5} On October 8, 2004, Spires again requested additional time to complete the driveway repairs and painting. Spires' daughter appeared in her behalf at the hearing on this request. Although the Board had previously directed Spires to immediately commence fixing the driveway and painting the house, Spires had not started any of the repairs. The daughter, however, represented that if the Board granted additional time, these violations would be remedied by May 1, 2005. Based on this representation, the Board granted Spires' second request for additional time to remedy the violations.
 {¶ 6} On June 6, 2005, more than a month after the expiration of her extension of time to correct the violations, Spires requested a third extension to complete the repairs. At the hearing regarding the request, the testimony revealed Spires had still not begun any of the repairs. The Board denied her request for additional time and remanded the case to the Department of Building and Housing for supervision and further action.
 {¶ 7} Spires appealed the Board's denial to the common pleas court. The court affirmed the Board's decision denying Spires' motion for an extension of time after finding the decision was supported by the preponderance of reliable, probative, and substantial evidence.
 Denial of Extension of Time {¶ 8} In her sole assigned error, Spires argues that the trial court erred by affirming the Board's decision denying her third motion for an extension of time. We disagree.
 {¶ 9} Spires has failed to cite to case law in making her argument on appeal. It is axiomatic that the failure to cite case law or statutes in support of an argument, as required by App.R. 16(A)(7), constitutes grounds to disregard the assigned error pursuant to App.R. 12(A)(2).[1]
 {¶ 10} Nonetheless, even if we address Spires' assigned error, it fails. Our standard of review of administrative appeals pursuant to R.C.2506.04 is limited. In Henley v. Bd. of Zoning Appeals,[2] the Ohio Supreme Court explained the applicable standard of review as follows:
 "We have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Smith v. Granville Twp. Bd. of Trustees
(1998), 81 Ohio St.3d 608, 612, 1998 Ohio 340, 693 N.E.2d 219, * * *, citing Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113, * * *.
 "`Our standard of review to be applied in an R.C. 2506.04 appeal is `more limited in scope.' Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 12 Ohio B. 26, 465 N.E.2d 848. `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court.' Id. at fn. 4. `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court.* * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so. ` Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. Id. at 147."
 {¶ 11} Thus, our review requires that we affirm the trial court unless we find error as a matter of law.
 {¶ 12} In the instant case, the Board granted Spires two extensions of time and directed her to start the repairs immediately. In spite of her promises to begin the work, the repairs were never started. The Board granted the two previous extensions of time to make the necessary repairs based on the same pleas of personal illness and hardship that Spires continues to allege, along with her promise that the work would begin immediately. Therefore, based on the record before us, we do not find the Board erred as a matter of law in denying Spires' third request for an extension of time as no progress was made to remedy the violations after the previous extensions were granted. Accordingly, Spires' sole assigned error is overruled.
 {¶ 13} In its appellate brief, the Board requested we dismiss the instant appeal based on Spires' failure to set forth an assigned error and failure to cite case law pursuant to App.R. 16. Our review of Spires' brief indicates she did set forth an assigned error, albeit in unconventional manner, on the front of her brief. We addressed Spires' failure to comply with App.R. 16 in the body of this opinion. Therefore, the Board's motion to dismiss the appeal is denied as moot.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR
[1] Meerhoff v. Huntington Mtge. Co. (1995), 103 Ohio App.3d 164, 169;State v. White, Cuyahoga App. No. 82066, 2004-Ohio-5200; State v.Baker, 157 Ohio App.3d 87, 2004-Ohio-2207.
[2] (2000), 90 Ohio St.3d 142, 147, 2000-Ohio-493.