OPINION
{¶ 1} Defendant-appellant, Mary Ellen Hause, appeals her conviction and sentence in the Warren County Court of Common Pleas on three counts of allowing an underage person to remain on her premises while possessing or consuming alcoholic beverages, in violation of R.C. 4301.69(B). We affirm appellant's conviction and sentence.
 {¶ 2} On September 13, 2007, a school resource officer for Springboro Community *Page 2 
Schools found on Facebook a picture of appellant with three juveniles holding Smirnoff bottles and other pictures of the night in question. Following an investigation, appellant, a part-time employee of Springboro High School at the time, was charged with three counts of allowing an underage person to remain on her premises while possessing or consuming alcoholic beverages.
 {¶ 3} At trial, the state presented evidence showing the juveniles, who were not appellant's children, consumed Smirnoff, Sparks, and beer at appellant's home and that appellant was present and knew of such conduct. The state also presented testimony of two of the juveniles who stated appellant played drinking games with them. Despite appellant's testimony that she did not know the juveniles possessed or consumed alcohol on her premises and that she demanded that they leave when she discovered such activity, a jury convicted her on all three counts of offenses involving underage alcohol consumption. The court then sentenced her to community control, with conditions, for a period of three years, a fine of $500.00 plus costs, ten days of litter pick-up, and 30 days in jail. Appellant now appeals her conviction and sentence, setting forth five assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THE FOLLOWING CONDITIONS OF COMMUNITY CONTROL: THAT APPELLANT NOT DRINK OR POSSESS ALCOHOL, AND THAT SHE NOT HAVE ALCOHOL IN HER HOUSE."
 {¶ 6} Appellant argues the trial court abused its discretion in imposing as conditions of community control that she not consume or possess alcohol and that she not have alcohol in her household. Appellant argues these conditions do not relate to the crimes for which she was found guilty.
 {¶ 7} The trial court has broad discretion in imposing conditions of community control *Page 3 
pursuant to R.C. 2929.25 (A)(1), which governs the authority of the trial court to impose one or more community control sanctions in misdemeanor violations, including residential, nonresidential, and financial sanctions, and any other conditions the court considers appropriate. City of Garfield Heights v. Tvergyak, Cuyahoga App. No. 84825, 2005-Ohio-2445, ¶ 5. We will not reverse such conditions imposed absent an abuse of the trial court's discretion. Id.
 {¶ 8} A trial court's discretion in imposing community control conditions is not limitless, however. State v. Jones (1990),49 Ohio St.3d 51, 52. In determining whether a condition reasonably relates to the three probationary goals — doing justice, rehabilitating the offender, and insuring good behavior — a court "should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Tvergyak at ¶ 5, quotingJones at 53. In addition, the community control conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." Jones at 52.
 {¶ 9} After reviewing the entire record, we find the trial court acted within its discretion by concluding the restrictions on alcohol use and possession as conditions of appellant's community control, as applied to appellant only, are reasonably related to rehabilitating the offender, have a reasonable relationship to the crime charged, are reasonably related to future criminality and serve the statutory ends of probation. Appellant was convicted of an alcohol-related offense — allowing juveniles to consume alcohol in her home. If she is not allowed to possess or consume alcohol or have alcohol in her home, it is less likely that juveniles will consume alcohol in her home. Accordingly, we overrule appellant's first assignment of error.
 {¶ 10} Assignment of Error No. 2: *Page 4 
 {¶ 11} "TWO OF THE CONVICTIONS SHOULD BE REVERSED BECAUSE THE EVIDENCE SHOWED ONLY ONE VIOLATION AND BY ALLOWING FOR CONVICTION ON THREE OFFENSES THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSES OF THE FEDERAL AND STATE CONSTITUTIONS."
 {¶ 12} Appellant argues two of her three convictions violate the double jeopardy clause. She asserts that if she did violate R.C. 4301.69(B), she did so only once because, according to her interpretation of the statute, the violation occurs based on the location where underage individuals are drinking; it is not based on the number of underage individuals caught drinking. She therefore asks this court to reverse two of her convictions and remand the case for resentencing on only one conviction.
 {¶ 13} The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute.State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11, citation omitted. This court must first look to the plain language of the statute to determine the intent. State ex rel. Burrows v. Indus. Comm.,78 Ohio St.3d 78, 81, 1997-Ohio-310. When the statute's meaning is unambiguous and definite, we apply the statute as written, and no further interpretation is necessary. Id. Ambiguity exists where the statute's language is susceptible to more than one reasonable interpretation.Bailey v. Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 40,2001-Ohio-236.
 {¶ 14} We find the language of R.C. 4301.69(B) is not reasonably susceptible to the interpretation advanced by appellant. The statute provides: "No person who is the owner or occupant of any public or private place shall knowingly allow any underage person to remain in or on the place while possessing or consuming beer or intoxicating liquor, unless the intoxicating liquor or beer is given to the person possessing or consuming it by that person's parent, spouse who is not an underage person, or legal guardian and the parent, spouse who is not an underage person, or legal guardian is present at the time of the person's possession *Page 5 
or consumption of the beer or intoxicating liquor." Appellant's argument, that the statute is violated once because she allowed her home to be used for underage alcohol consumption on a single occasion, is unpersuasive. A plain reading of the statute indicates that it is a violation to allow "any underage person" to remain on appellant's premises while consuming or possessing alcohol.
 {¶ 15} Therefore, appellant's convictions do not violate the double jeopardy clause, as appellant was appropriately charged, convicted, and sentenced on three counts of violating R.C. 4301.69(B), one count for each underage person consuming or possessing intoxicating liquor appellant knowingly allowed to remain on her premises. Furthermore, it is well-established that "[v]iolations of statutes defined in terms of conduct towards another that involve separate victims are considered to have been committed separately." State v. Smith, Hamilton App. No. C-060991, 2008-Ohio-2561, ¶ 30.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "THE CASE SHOULD BE REMANDED FOR RESENTENCING BECAUSE THE TRIAL COURT RELIED ON AN IMPROPER FACTOR WHEN IT IMPOSED THE SENTENCE IN THIS CASE."
 {¶ 18} Appellant argues this court should remand her case for resentencing because the trial court erred when it based her sentence on an improper consideration. Specifically, appellant contends the trial court based her sentence, at least in part, on the fact that she sent the teenagers out of her house without making sure they got home safely.
 {¶ 19} During the sentencing phase of the trial, the trial court discussed the societal problem of underage drinking and the noticeable trend of parents as participants in the problem. Following these comments, this discussion transpired regarding appellant's testimony and reaction to the underage drinking on the night the violations occurred:
 {¶ 20} "THE COURT: I'm not suggesting that you were drinking along with them *Page 6 
because I don't think there was any evidence to that effect, although you were — from the greater weight of the evidence, that you were down there with them. I think society has this problem and I think you have a problem in that you were a buddy to these kids when they needed a parent to step in.
 {¶ 21} "And what should have happened when you discovered that these kids were drinking is that immediate action should have taken place, whether the nachos get burned or not, that immediate action should have taken place, that all of these parents should have been notified and that your actions should have been very, very different.
 {¶ 22} "Even if I accept your testimony as true, which most of it, I don't. But even if I accept your testimony as true, that you didn't realize that they were drinking until after this picture and so forth, what you still did was wrong because you can't just turn these kids out after they've been drinking and leave it to themselves to find their way home. That — that's not right. And to both of these problems, I have to find the solution; and to find the solution, what I need to do is impose a sentence."
 {¶ 23} An appellate court reviews a trial court's sentence on a misdemeanor violation for an abuse of discretion. R.C. 2929.22;State v. Frazier, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶ 15. The two overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender. R.C. 2929.21(A).
 {¶ 24} Unless a mandatory jail term is required by statute, the trial court has the discretion to impose a misdemeanor sentence and to determine the most effective way to achieve the purposes set forth in R.C. 2929.21(A). R.C. 2929.22(A); State v. McCaleb, Greene App. No. 05CA155, 2006-Ohio-4652, ¶ 40. In determining the appropriate sentence, the court must consider a number of factors, including the nature and circumstances of the offenses, whether the circumstances regarding the offender and the offenses indicate the offender's history or character reveal a substantial risk to others, or whether the conduct has *Page 7 
been characterized by behavior with heedless indifference to the consequences, whether the victim's age or other factor made the impact of the offense more serious, whether the offender is likely to commit future crimes in general, or any other factor relevant to achieving the purposes and principles of sentencing. R.C. 2929.22(B)(1) and (2).
 {¶ 25} When determining a misdemeanor sentence, the trial court is not required to state on the record its consideration of the sentencing factors, but rather, this court presumes the trial court properly considered the factors discussed above when the sentence is within the statutory limits, absent an affirmative showing to the contrary.McCaleb, at ¶ 41, citing State v. Kelly, Greene App. No. 2004CA122,2005-Ohio-3058.
 {¶ 26} Upon review of the record, we find appellant has demonstrated no error in her sentencing. Following the court's assessment of appellant's veracity at trial and the evidence regarding her irresponsible behavior, the trial court discussed the factors it considered prior to issuing her sentence, including the nature and the circumstances of the offenses, appellant's lack of a history of criminality, and the age of the victims. Consideration of the evidence that she sent the teenagers home without calling their parents, would not be improper, as the court is to consider the vulnerability of the victims or any factors that are relevant to achieve the purposes of sentencing. See R.C. 2929.22. Accordingly, appellant's third assignment of error is overruled.
 {¶ 27} Assignment of Error No. 4:
 {¶ 28} "THE APPELLANT'S CONVICTION SHOULD BE REVERSED BECAUSE O.R.C. 4301.69(B) IS UNCONSTITUTIONALLY OVERBROAD AND VAGUE AND THE TRIAL COURT WAS IN ERROR WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS UPON THOSE GROUNDS."
 {¶ 29} Appellant challenges the constitutionality of R.C. 4301.69(B) on its face and asserts the language of the statute is overbroad because it "would prohibit a homeowner from *Page 8 
allowing anyone under twenty-one years of age from being in their home if there is any alcohol present in the home." Appellant further argues the statute is unconstitutionally vague, as it does not specify particular prohibited conduct.
 {¶ 30} There exists a strong presumption in favor of the constitutionality of statutes. Adamsky v. Buckeye Local SchoolDist., 73 Ohio St.3d 360, 361, 1995-Ohio-298. State v. Baker, Butler App. Nos. CA2002-11-286, CA2003-01-021, 2004-Ohio-2207. That presumption is rebuttable, however. Id. The party challenging a statute must prove beyond a reasonable doubt its unconstitutionality. Lightle v. City ofWashington Courthouse, Fayette App. No. CA2006-08-033, 2007-Ohio-2069.
 {¶ 31} Appellant first argues R.C. 4301.69(B) is overbroad. A statute may be overbroad if in its reach, it prohibits constitutionally protected conduct. State v. Tooley, 114 Ohio St.3d 366, 2007-Ohio-3698, ¶ 29, citing Grayned v. Rockford (1972), 408 U.S. 104, 114,94 S.Ct. 2294. "In considering an overbreadth challenge, the court must decide `whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments.'" Id., citations omitted.
 {¶ 32} A statute will only be invalidated as overbroad if appellant proves that its deterrent effect on legitimate expression is both real and substantial, and the legislation is not readily subject to a constitutionally valid limiting interpretation by the court. City ofLorain v. Davidson (1989), 65 Ohio App.3d 408, 413, citing Young v.American Mini Theatres, Inc. (1976), 427 U.S. 50, 60, 96 S.Ct. 2440. "In determining whether the deterrent effect on valid expression is substantial, it is clear that the mere fact that one can conceive of some impermissible applications of legislation is not sufficient to render it susceptible to an overbreadth challenge." Id., citing CityCouncil of the City of Los Angeles v. Taxpayers for Vincent (1984),466 U.S. 789, 800, 104 S.Ct. 2118; Cincinnati v. Thompson (1994),96 Ohio App.3d 7, 20. *Page 9 
 {¶ 33} In the case at bar, appellant has failed to prove beyond a reasonable doubt that R.C. 4301.69(B) is unconstitutionally overbroad. In fact, appellant cites to no authority for her proposition nor points to any protections under the First or Fourteenth Amendments that are prohibited by the language of the statute. She merely provides the court with three hypothetical situations that she argues would allegedly fall under the scope of the statute. Her unconvincing hypothetical scenarios fail to show how the statute has any substantial deterrent effect on protected conduct.
 {¶ 34} Appellant also argues R.C. 4301.69(B) is unconstitutionally vague. The vagueness doctrine, premised on the due process clause of the Fourteenth Amendment, provides that a statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" or if "it encourages arbitrary and erratic arrests and convictions." Papachristou v.Jacksonville (1972), 405 U.S. 156, 162, 92 S.Ct. 839. A criminal statute must define the offense with sufficient definiteness so that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary or discriminatory enforcement. Kolender v.Lawson (1983), 461 U.S. 352, 357, 103 S.Ct. 1855.
 {¶ 35} A statute, however, is not void solely because it could have been worded more precisely. State v. Dorso (1983), 4 Ohio St.3d 60, 61;State v. Williams, 88 Ohio St.3d 513, 532, 2000-Ohio-428. Rather, if a statute specifies no standard of conduct and is vague in all of its applications, then it is unconstitutionally vague. Id.
 {¶ 36} In this case, appellant argues R.C. 4301.69(B) "does not provide a clear and precise statement of prohibited conduct, and is so vague that merely any activity can fall under this guise." In making this argument, appellant first misquotes the statute in providing that it "prohibits owners/occupants from allowing underage persons from `remaining in or on the place while consuming or allowing intoxicating liquor.'" Appellant again also fails to cite a *Page 10 
single authority for her proposition.
 {¶ 37} As previously discussed, R.C. 4301.69(B) prohibits owners or occupants of any private place from knowingly allowing any underage person to remain on the premises "while possessing or consuming beer or intoxicating liquor" unless the underage person's parent or legal guardian is present at the time of the possession or consumption. We find the statute's language specifies a clear standard of conduct, gives an ordinary person fair notice of prohibited conduct, and does not encourage arbitrary arrests. See e.g. State v. Anderson (1991)57 Ohio St.3d 168. Accordingly, appellant has failed to prove the statute's unconstitutionality beyond a reasonable doubt, and her fourth assignment of error is overruled.
 {¶ 38} Assignment of Error No. 5:
 {¶ 39} "THE CONVICTIONS SHOULD BE REVERSED BECAUSE THE TRIAL COURT ALLOWED THE STATE TO PRESENT EVIDENCE OF ACTUAL CONTAINERS OF ALCOHOL THAT WERE NOT RECOVERED FROM APPELLANT'S HOUSE AND WERE IN NO WAY CONNECTED WITH THE EVENTS AT ISSUE."
 {¶ 40} Appellant argues her convictions should be reversed because the trial court improperly allowed bottles of Sparks and Smirnoff into evidence, claiming that because the bottles were not from the night in question, they do not prove the alcohol content in the containers at trial were the same as the content in the containers at the party. Appellant therefore submits that the exhibits were unfairly prejudicial to her case and that the state failed to establish the alcoholic content of the drinks involved in this case qualified as "intoxicating liquor", as defined by R.C. 4301.01(A).
 {¶ 41} Evidentiary rulings lie within the broad discretion of the trial court and will form the basis for reversal on appeal only upon an abuse of discretion that amounts to prejudicial error. State v.Graham (1979), 58 Ohio St.2d 350, 352. Absent an abuse of discretion, an *Page 11 
appellate court will not disturb a trial court's ruling as to the admissibility of demonstrative evidence. State v. Adamson (Dec. 30, 1996), Clermont App. No. CA96-03-031.
 {¶ 42} Demonstrative evidence is admissible only if (1) it is relevant, (2) it is substantially similar to the object or occurrence that it is intended to represent, and (3) it does not consume undue time, confuse the issues, or mislead the jury. State v. Griffin, Montgomery App. No. 20681, 2005-Ohio-3698, ¶ 62, citing State v.Palmer, 80 Ohio St.3d 543, 566, 1997-Ohio-312; State v. Jackson (1993),86 Ohio App.3d 568, 570-71.
 {¶ 43} We find the trial court did not abuse its discretion in admitting the bottle of Smirnoff and can of Sparks. The state presented pictures from Facebook in which appellant was posing with three juveniles holding bottles of Smirnoff. In another Facebook picture from the same party, another juvenile was holding a can of Sparks. Three juvenile girls testified for the state that they or other individuals at the party were drinking Smirnoff and Sparks. The evidence was therefore relevant. In addition, one of the juveniles testified the bottle of Smirnoff and can of Sparks were substantially similar to the ones they were drinking the night of the party, which could be seen in the photos. Finally, the evidence did not consume undue time, confuse the issue, or mislead the jury, as the juvenile on cross-examination testified that the containers were not the actual containers from the party, but that they were substantially similar to the actual containers. SeeAdamson.
 {¶ 44} We further note that although appellant argues the state failed to establish an element of the offense — that the beverages consumed by the juveniles in this case were intoxicating liquor as defined in R.C. 4301.01(A) — appellant, herself, admitted that the juveniles were consuming "alcohol" and "intoxicating beverage[s]" in her home on cross-examination by the state. Accordingly, appellant's fifth assignment of error is overruled.
 {¶ 45} Judgment affirmed. *Page 12 
WALSH, P.J., and BRESSLER, J., concur. *Page 1