[Cite as *Watson v. Chapman-Bowen*, 2014-Ohio-5288.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101295**

**VENDETTA C. WATSON**

PLAINTIFF-APPELLEE

vs.

**MELANIE Y. CHAPMAN-BOWEN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2012 CVI 019973

**BEFORE:** Boyle, A.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEYS FOR APPELLANT**

Jeffrey J. Fanger
Nicholas Weiss
Fanger & Associates, L.L.C.
36 Alpha Park
Highland Heights, Ohio   44143


**FOR APPELLEE**

Vendetta C. Watson, pro se
P.O. Box 202454
Shaker Heights, Ohio   44120

MARY J. BOYLE, A.J.:

{¶1}   Defendant-appellant, Melanie Chapman-Bowen, appeals from a judgment against her and in favor of plaintiff-appellee, Vendetta Watson, in the amount of $3,000.   After review, we affirm.

{¶2}   On February 1, 2012, Watson entered into a one-year lease agreement with Chapman-Bowen to rent a home ("the property") from Chapman-Bowen for $650 per month. Chapman-Bowen also entered into a contract with Cuyahoga Metropolitan Housing Authority ("CMHA") to accept a housing assistance payment ("HAP") on behalf of Watson through CMHA's Housing Choice Voucher Program ("HCVP").[1]

{¶3}   On March 14, 2012, Watson and Chapman-Bowen received a joint letter, addressed to both of them, from CMHA stating that it was cancelling the HAP contract for the property because the property had failed three inspections — on March 9, 10, and 11, 2012. According to the letter, the HAP contract would be cancelled on March 31, 2012.   The letter further stated: "Attention Family: On the date of the contract cancellation, your lease for this unit will become unassisted.   This means the HCVP will not make any further rental assistance payments for the unit even if you continue to reside there."   Watson moved out on March 31,

---

[1]The HCVP provides rental assistance to help low income and disabled persons afford housing.   A person selected to participate in HCVP is issued a rental voucher and is then free to locate a dwelling unit suitable to the family in the private rental market.   Once the family selects a unit, CMHA will enter into a Housing Assistance Payment Contract with the owner, who leases the unit to the family.   CMHA then pays a portion of the rent, a housing assistance payment, to the owner on behalf of the family.   A home in the HCVP must meet housing quality standards set forth by the Department of Housing and Urban Development ("HUD"), which funds the program.   Cuyahoga   Metropolitan   Housing   Authority,   Housing   Choice   Voucher   Program, https://cmha.net/hcvp/index.aspx (accessed Oct. 22, 2014).

2012.

**{¶4}** On December 3, 2012, Watson filed a complaint for money damages against Chapman-Bowen in small claims court, alleging that Chapman-Bowen caused Watson's constructive eviction.

**{¶5}** Due to procedural issues that are not relevant here, a magistrate did not hold a hearing on the matter until January 2014. The magistrate found that Watson was entitled to damages for constructive eviction from the house that she rented from Chapman-Bowen because Chapman-Bowen failed to timely correct sewer issues in the home and because CMHA cancelled the HAP contract due to three failed housing inspections.

**{¶6}** The magistrate further found that Watson proved damages amounting to $4,224, but noted that she was only entitled to $3,000 due to the maximum amount allowed in small claims court. After an independent review, the trial court approved and adopted the magistrate's decision in its entirety. It is from this judgment that Chapman-Bowen appeals. She raises the following three assignments of error for our review:

> 1. The trial court abused its discretion in finding that plaintiff was exposed to a strong methane gas smell.
>
> 2. The trial court abused its discretion by finding that cancelling the HAP contract constituted a constructive eviction.
>
> 3. The trial court abused its discretion in finding that all claimed damages were valid and attributable to defendant.

**{¶7}** At the outset, we note that Chapman-Bowen did not support any of her arguments with legal authority. This alone would be grounds for this court to disregard her assigned errors. App.R. 12(A)(2) and 16(A)(7); *see also Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 658 N.E.2d 1109 (3d Dist.1995); *State v. White*, 8th Dist. Cuyahoga No. 82066, 2004-Ohio-5200; *State v. Baker*, 157 Ohio App.3d 87, 2004-Ohio-2207, 809 N.E.2d 67 (12th

Dist.).

{¶8} More significantly, however, we find that Chapman-Bowen did not file objections to the magistrate's decision under Civ.R. 53. Because of this reason, we are barred from addressing her assigned errors.

{¶9} The Ohio legislature established the small claims court "to serve a need to the people of Ohio, save the expenditure of money by litigants, save time of the courts and provide a means of settling disputes quickly between citizens who feel aggrieved but think they have no place of redress." *Wilson v. Riders Gear, Ltd.*, 5th Dist. Licking No. 2004 CA 00119, 2005-Ohio-2844, ¶ 11. And although the matter was heard in small claims court, Chapman-Bowen was still required to follow the mandates of Civ.R. 53.

{¶10} Civ.R. 1(A) provides that the civil rules must be followed in all courts of this state in the exercise of all civil jurisdiction, at law or in equity. Subpart (C) of that rule provides an exception for small claims matters under Chapter 1925; however, that exception applies only when the rules would "by their nature be clearly inapplicable." *Video Discovery, Inc. v. Passov*, 8th Dist. Cuyahoga No. 86445, 2006-Ohio-1070, ¶ 13, citing *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 435 N.E.2d 1114 (1982). R.C. 1925.16 expressly states that, unless inconsistent procedures are provided in R.C. Chapter 1925 or adopted by the court in furtherance of the purpose of that chapter, all proceedings in small claims court are subject to the Ohio Rules of Civil Procedure.

{¶11} Thus, the Ohio Rules of Civil Procedure apply to disputes in small claims courts except where they conflict with rules governing small claims courts set forth in R.C. 1925.01 et seq. This would include the use of Civ.R. 53 and objecting to a magistrate's decision.

{¶12} Further, the local rules of the Cleveland Municipal Court regarding "small claims

practice" states that "[t]he party objecting to the magistrate's decision shall file such objections in accordance with Rule 53 of the Ohio Rules of Civil Procedure and pay the necessary costs." Loc.R. 13.09.   The local rules further make it clear that "[a]ll objections must be in conformity with Rule 53 of the Ohio Rules of Civil Procedure."   Loc.R. 13.09(D).

**{¶13}** Civ.R. 53(D)(3)(b)(iv) states that

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶14}** The magistrate's decision in this case also notified the parties in pertinent part that:

PURSUANT TO CIVIL RULE 53 AND LOCAL RULES OF COURT, OBJECTIONS TO THE MAGISTRATE'S DECISION MUST BE FILED WITHIN FOURTEEN (14) DAYS OF ITS FILING.   UNLESS A PARTY TIMELY AND SPECIFICALLY OBJECTS TO A FINDING OF FACT OR CONCLUSION OF LAW, NO ASSIGNMENT OF ERROR ON APPEAL MAY BE MADE TO THE COURT'S ADOPTION OF THAT FINDING OR CONCLUSION.

**{¶15}** Proceedings before magistrates are governed by Civ.R. 53.   The nature of the rule is not clearly inapplicable to small claims matters and R.C. Chapter 1925 contains nothing inconsistent with the rule.   Additionally, Loc.R. 13.09 requires parties to follow Civ.R. 53(E)(3) with regard to objections to the magistrate's decisions.

**{¶16}** Further, the Ohio Supreme Court has held that a party's failure to object to a magistrate's decision bars that party from appealing the decision.   In *State ex rel. Booher v. Honda of Am. Mfg.*, 88 Ohio St.3d 52, 53, 723 N.E.2d 571 (2000), the Supreme Court explained:

Claimant's arguments before us derive directly from the conclusions of law contained in the magistrate's decision.   Claimant, however, did not timely object to those conclusions as Civ.R. 53(E)(3) requires.   Civ.R. 53(E)(3)(b) prohibits a party from "assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."

{¶17} Thus, because Chapman-Bowen did not object to the magistrate's decision in accordance with Civ.R. 53, we are barred from addressing her assignments of error because they all directly challenge the findings and conclusions made by the magistrate.

{¶18} We do note, however, that we have reviewed the record in this case, including the entire transcript and the exhibits submitted by both parties, and do not find that plain error occurred on the part of the trial court in its adoption of the magistrate's decision.

{¶19} In *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997), the Ohio Supreme Court explained "plain error" as follows:

> Although in criminal cases "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court," Crim.R. 52(B), no analogous provision exists in the Rules of Civil Procedure. The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings. [*Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 (1982)]; *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 124, 512 N.E.2d 640 (1987); *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.*, 18 Ohio St.3d 268, 275, 480 N.E.2d 794 (1985).

{¶20} This is not the "extremely rare case" where this court is required to apply plain error. Indeed, we do not find that a manifest miscarriage of justice occurred, nor do we find that the judgment would "have a material adverse effect on the character of, and public confidence in, judicial proceedings," if we left the judgment as it is.

{¶21} Accordingly, Chapman-Bowen's three assignments of error are overruled.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the  Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR